IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **RODERICK CORTEZA CRAIG,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-13-2742 |
| **MELWOOD HORTICULTURAL TRAINING CENTER, INC.,** | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * | | |

**MEMORANDUM OPINION**[1]

Plaintiff has brought this discrimination and retaliation case against his former employer under federal and Maryland law. Defendant has moved to dismiss the complaint on the grounds that Plaintiff did not serve it within the time required by Fed. R. Civ. P. 4(m) and, in any event, that Defendant was served with an improper version of the complaint as a result of Plaintiff's improper attempt to amend it. Plaintiff responds, arguing that service was timely because the time to serve had been tolled while the Court considered Plaintiff's motion to proceed *in forma pauperis* and asserting that Defendant was served with a properly amended complaint. I agree with Plaintiff that service was timely, but rule that Fed. R. Civ. P. 15(a) did not permit Plaintiff to make more than a single amendment as a matter of course and therefore leave of the Court was required before Plaintiff could serve its second amended complaint. However, because

---

[1] This Memorandum Opinion disposes of Defendant Melwood Horticultural Training Center, Inc.'s Motion to Dismiss Plaintiff's Second Amended Civil Complaint, ECF No. 13, and supporting Memorandum, ECF No. 13-1, as well as Plaintiff Roderick Corteza Craig's memorandum in opposition, ECF No. 16.

justice so requires, I grant Plaintiff leave to amend *nunc pro tunc*, so that service on Defendant was valid and Plaintiff may proceed on his claims.

## I.     BACKGROUND

This dispute arises out of Plaintiff Roderick Corteza Craig's former employment with Defendant Melwood Horticultural Training Center, Inc. ("Melwood"). Second Am. Civil Compl. ("Second Am. Compl.") ¶ 15, ECF No. 7. The crux of Craig's claim is that, during his tenure with Melwood, he suffered racial discrimination and retaliation that adversely affected his advancement and compensation. *Id.* ¶¶ 18–19, 27–30. Craig filed a five-count complaint against Melwood alleging (I) racial discrimination under Title VII; (II) retaliation under Title VII; (III) racial discrimination under the Maryland Human Relations Act, Md. Code Ann., State Gov't tit. 20; (IV) hostile and abusive work environment under the Maryland Human Relations Act; and (V) racial discrimination and retaliation in violation of 42 U.S.C. § 1981. *Id.* ¶¶ 62–99.

Craig filed his complaint with the Clerk of this Court on September 17, 2013 along with a motion to proceed *in forma pauperis* ("the IFP Motion"). *See* Compl., ECF No. 1; Mot. to Proceed i*n Forma Pauperis*, ECF No. 2. On September 23, 2013, I denied Craig's motion and ordered him to pay the filing fee, Order, ECF No. 3, which he did on September 25, 2013. Order, ECF No. 4. I then ordered the Clerk to prepare and issue a summons on October 1, 2013. *Id.* Before serving the summons and complaint, Craig retained counsel and filed an Amended Civil Complaint (the "First Am. Compl.") on January 3, 2014 *and* a Second Amended Complaint on January 26, 2014. Pl.'s Opp'n to Def.'s Mot. to Dismiss Pl.'s Second Am. Compl. ("Pl.'s Opp'n") 2, ECF No. 16; First Am. Compl., ECF No. 6; Second Am. Compl., ECF No. 7. Melwood was served with the Summons and the Second Amended Complaint on January 27, 2014. Summons Return, ECF No. 8; Def.'s Mem. of Points and Authorities in Supp. of Its Mot.

to Dismiss Pl.'s Second Am. Civil Compl. ("Def.'s Mem.") 3, ECF No. 13-1; Pl.'s Opp'n 2. Neither the original Complaint nor the First Amended Complaint ever were served on Melwood. Def.'s Mem. 3.

Melwood has moved to dismiss this case based on insufficient service of process and, in the alternative, moves to dismiss Counts III and IV because Craig did not exhaust his administrative remedies prior to filing in this Court. Def.'s Mot. to Dismiss Pl.'s Second Am. Civil Compl. ("Def.'s Mot."), ECF No. 13; Def.'s Mem. 4. Craig has responded, Pl.'s Opp'n, and the time has expired for Melwood to reply, Loc. R. 105.2(a). Having reviewed the filings, I find that a hearing is not necessary. Loc. R. 105.6.

## II. DISCUSSION

### A. Sufficiency of Service of Process

#### 1. *Timing of Service*

Melwood has moved for dismissal on the grounds that service was untimely, arguing that the summons and complaint were served outside of the 120-day period set by Fed. R. Civ. P. 4(m), and that Craig cannot show good cause as to why service was late. Def.'s Mem. 4–7. Craig disputes Melwood's premise and argues that service was timely because it occurred within 120 days of the Clerk issuing the Summons and shortly after he filed his Second Amended Complaint. Pl.'s Opp'n 2.

Fed. R. Civ. P. 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Craig initially filed his Complaint on September 17, 2013 along with a motion to proceed *in forma pauperis*. Compl.; IFP Motion. There is no dispute that service was not effected until January 27, 2014, more than 120 days from the filing of the original Complaint. Pl.'s Opp'n 2. However, Craig argues that the 120-day period should have been tolled during the time between filing of the Complaint and the issuance of a summons by the Clerk. *Id.* at 5.

In *Robinson v. Clipse*, the Fourth Circuit held that, when a plaintiff seeks to proceed *in forma pauperis*, the service period is "tolled until the district court [has] screened [the] *in forma pauperis* complaint and authorized service of process, . . . [and] an *in forma pauperis* plaintiff should not be penalized for a delay caused by the court's consideration of his complaint. That delay 'is solely within the control of the district court.'" 602 F.3d 605, 608 (4th Cir. 2010) (quoting *Paulk v. Dep't of Air Force*, 830 F.2d 79, 83 (7th Cir.1987)). The Fourth Circuit explained that "[b]ecause the delay caused by the court's failure to authorize the issuance and service of process is beyond the control of an *in forma pauperis* plaintiff, such failure constitutes good cause requiring the 120-day period to be extended." *Robinson*, 602 F.3d at 608. Therefore, notwithstanding the language of Fed. R. Civ. P. 4(m), the 120-day period did not begin to run immediately.

Although Craig filed his original Complaint on September 17, 2013, Compl., I did not rule on the IFP Motion and order Craig to pay the filing fee until September 23, 2014. Order, ECF No. 3. And though Craig paid the filing fee on September 25, 2010, Order, ECF No. 4, I did not order the Clerk to issue a summons until September 30, 2013, *id.*, and a summons was not issued until the next day, October 1, 2013. Summons, ECF No. 5. Because he did not yet have a valid summons, no amount of diligence would have allowed Craig to attempt service on Melwood prior to October 1. From the time that Craig received the Summons from the Clerk,

fewer than 120 days elapsed before he served the Summons, with a copy of the Second Amended Complaint, on Melwood on January 27, 2014.  Def.'s Mem 3; Pl.'s Opp'n 2; Summons Return.

Although Melwood argues that the service period should have begun immediately once Craig paid his filing fee, Def.'s Mem. 6, this does not square with the reasoning of *Robinson*, since the delay between filing and issuance of the summons was "'solely within the control of the district court.'"  *Robinson*, 602 F.3d at 608 (quoting *Paulk*, 830 F.2d at 83).  Because Craig served the Summons and a complaint within 120 days of the day when he first became able to do so, I find that service on January 27, 2014 was timely under Fed. R. Civ. P. 4(m).

### *2. Sufficiency of Process*

Melwood also has argued that even if service was timely, Craig served the Summons with the wrong complaint, and therefore that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) (sufficiency of process), or 12(b)(5) (sufficiency of service of process).  Def.'s Mot. 7–8.  "If service is contested, the 'plaintiff bears the burden of establishing the validity . . . pursuant to Rule 4.'"  *Shlikas v. SLM Corp.*, No. WDQ-09-2806, 2011 WL 2118843, at *2 (D. Md. May 25, 2011) (quoting *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (ellipsis in original)).

Melwood was served with the Summons along with a copy of the Second Amended Complaint, but never was served the original Complaint or the First Amended Complaint.  Def.'s Mot. 9.  Melwood argues that this was not valid service because, at the time that it was served, the operative complaint was the *First* Amended Complaint and that, because Craig already had amended his complaint once under Fed. R. Civ. P. 15(a)(1) and did not receive Melwood's consent or this Court's leave to amend his complaint a second time, *see* Fed. R. Civ. P. 15(a)(2), the Second Amended Complaint is a nullity, Def. Mem. 9.  Craig argues that he was "entitled to

file the Amended Complaint as of right, since it was filed before Defendant responded to the original Complaint," Pl.'s Opp'n 7, although he does not explain how his position can be squared with the language of Rule 15, which allows a party to "amend its pleading *once* as a matter of course," Fed. R. Civ. P. 15(a)(1) (emphasis added).

Fed. R. Civ. P. 4(c) provides that "[a] summons must be served with a copy of the complaint." Melwood argues that Rule 4(c) requires that the *original* complaint necessarily must be served with the summons. However, this plainly is not always true; a plaintiff may amend his complaint once before service, Fed R. Civ. P. 15(a)(1)(A), and when he does so "an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mount Rainer*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir.2000)); *see also* 4A Charles A. Wright et al., *Federal Practice & Procedure* § 1093 (3d ed. 1998) ("service of a superseded complaint with the summons does not fulfill the requirements of the rule. As one court has remarked, a superseded complaint is 'a mere scrap of paper.'" (internal citation omitted)). By right, Craig was allowed to amend the complaint before serving Melwood, and the original complaint became "a mere scrap of paper" on January 3, 2014 following the amendment. Therefore, service of the original Complaint clearly would have been improper on January 27, 2014.

However, because Fed. R. Civ. P. 15(a)(1) allows a pleading to be amended only once as a matter of course, Craig could not have filed his *Second* Amended Complaint without either Melwood's consent or leave of this Court. Fed. R. Civ. P. 15(a)(2). Melwood has not consented, Def.'s Mem. 9, and its current motion suggests that it would not have consented if asked. But Rule 15(a)(2) does not expressly require a motion before a court may grant leave, and the Rule states that leave to amend should be granted "freely . . . when justice so requires." The Fourth

Circuit has held that a court should deny leave to amend only if the amendment would be prejudicial to the opposing party, if it is pursued in bad faith, or if it would be futile. *Laber v. Harvey*, 435 F.3d 404, 426–27 (4th Cir. 2006).

Although Craig failed to amend his complaint properly, I do not believe that he was acting in bad faith in so doing, and Melwood does not suggest otherwise. Melwood also has not argued that the amendment would be futile (with the exception of Counts III and IV, discussed *infra*). And there is no prejudice here in any event. Melwood became aware of this action when served with the Second Amended Complaint on January 27, 2014, within the period for service, and the gravamen of Craig's claim fundamentally did not change between the First and Second Amended Complaints. *See Davis v. Piper Aircraft*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."). The changes do not set forth a new legal theory, but simply appear to add more detail to the facts alleged by Craig. *Cf. Laber*, 438 F.3d at 427 (insertion of a new legal theory is a common example of a prejudicial amendment).

Inattention to the rules of procedure and the consequences of failing to adhere to them can delay or derail the prosecution of a claim. The provisions of the Federal Rules of Civil Procedure that are at issue in this case are neither new nor unclear—a single amendment has been allowed of right since the inception of the Rules. *See* Fed. R. Civ. P. 15 advisory committee's note to 1937 Adoption ("The right to serve an amended pleading once as of course is common.").

However, it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities," *Foman v. Davis*,

371 U.S. 178, 182 (1962), and the Fourth Circuit and this Court have a strong policy that cases should be resolved on the merits, *see U.S. v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir.1993); *Little v. Eastern Dist. Police Station*, No. WDQ–13–1514, 2014 WL 271628, *3 (D. Md. Jan. 22, 2014); *Dow v. Jones*, 232 F. Supp. 2d 491, 494–95 (D. Md. 2002) (citing *Shaffer*, 11 F.3d at 453). Thus courts should be cautious not to let form trump substance so as to deprive the holders of potentially meritorious claims of their day in court on the basis of procedural defects. Because Melwood clearly was on notice and was not prejudiced by Craig's amendments, I find that justice requires me to grant leave for Craig to amend the First Amended Complaint, *nunc pro tunc* to January 26, 2014. Accordingly, there now is no question that the Second Amended Complaint was the operative complaint on January 27, 2014, and therefore Melwood was served properly and its motion to dismiss must be DENIED.

### B. Counts III and IV

In addition to its technical objections to the Second Amended Complaint, Melwood argues that this Court lacks subject matter jurisdiction over Craig's Maryland Human Relations Act claims because he has not exhausted his administrative remedies. Def.'s Mot. 10. Craig has conceded this point and consented to the dismissal of Counts III and IV of the Second Amended Complaint. Pl.'s Opp'n 2. Accordingly, Counts III and IV will be DISMISSED.

### C. Further Amendment of the Complaint

In his opposition, Craig also appears to seek leave to file a Third Amended Complaint, identical to the Second Amended Complaint but for the omission of Counts III and IV. Although Fed. R. Civ. P. 15 does not expressly require a motion before the court may grant leave to amend a pleading, Fed. R. Civ. P. 7(b)(1) clearly states that "[a] request for a court order must be made by motion." By simply requesting leave in his opposition brief rather than comply with the

requirements of the Federal Rules of Civil Procedure, Craig has not properly sought leave to amend and, because doing so would not deprive him of any substantive rights, I decline to grant leave sua sponte.  Moreover, because this amendment makes no changes to the complaint other than to strike counts that now have been dismissed, it is futile and would serve no purpose, and would be denied in any event.

## III.    CONCLUSION

For the aforementioned reasons, Plaintiff SHALL BE GRANTED leave to file his Second Amended Civil Complaint, *nunc pro tunc* to January 26, 2014, and Defendant's motion to dismiss shall be GRANTED with respect to Counts III and IV, and otherwise DENIED. Defendant SHALL ANSWER the complaint within twenty-one days.

A separate order shall issue.

Dated: July 16, 2014                                       /S/

                                                                    Paul W. Grimm
                                                                    United States District Judge

jml